

FILED
JAN 06 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| CASEY CLINTON RIDGE, | Cause No. CV 12-01-M-DLC |
| Petitioner, | |
| vs. | ORDER OF DISMISSAL |
| STATE OF MONTANA; UNITED STATES DISTRICT COURT, | |
| Respondents. | |

On January 3, 2012, Petitioner Casey Clinton Ridge filed a petition for writ of habeas corpus. Ridge is a state prisoner proceeding pro se. His motion to proceed in forma pauperis is incomplete, but there is no need to delay resolution of the case.

It appears as if Ridge has presented his claims to the Montana Supreme Court. Pet. (doc. 1) at 3-13 ¶¶ 8-13. He refers to a habeas proceeding in the Montana Supreme Court. *Id.* at 4 ¶ 14. In fact, the records of the Montana Supreme Court show the action remains pending. *Ridge v. State of Montana*, No. OP 11-0592 (Mont.

1

filed Oct. 7, 2011).

Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion provides a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Ridge may file a petition for writ of habeas corpus after his state remedies have been exhausted. At this point, they plainly have not. A certificate of appealability is not warranted for Ridge's wholly unexhausted petition. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

1. The motion to proceed in form pauperis (doc. 2) is GRANTED, and the Clerk of Court shall waive payment of the filing fee;

2. The Petition (doc. 1) is DISMISSED WITHOUT PREJUDICE;

3. A certificate of appealability is DENIED; and

4. The Clerk of Court shall immediately enter, by separate document, a judgment of dismissal without prejudice.

DATED this 6th day of January, 2012.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court